UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MARY HOLLISTER,

        Petitioner,               Civil No. 06-14202-BC
                                         Honorable Thomas L. Ludington

v.

MILLICENT WARREN,

        Respondent.
_____/

## ORDER DENYING MOTION TO REDUCE OR MODIFY SENTENCE AND OVERRULING OBJECTION TO REPORT AND RECOMMENDATION

Petitioner Mary Hollister entered a "no contest" plea to one count of solicitation of murder in violation of Mich. Comp. Laws § 750.157b(2) in Livingston County Circuit Court on March 18, 2005, and was sentenced to nine to twenty years in prison. On September 25, 2006, Petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. A response was ordered, and the petition was referred to Magistrate Judge Charles E. Binder for report and recommendation on May 12, 2008. On May 27, 2008, Judge Binder issued his report, recommending the petition be denied. Neither party objected. On June 17, 2008, the Court adopted Judge Binder's report and recommendation and entered a judgment in favor of Respondent. More than two years later, on July 1, 2008, Petitioner filed an objection to the report and recommendation and a motion to reduce or vacate her sentence pursuant to 28 U.S.C. § 2241.

The objection [Dkt. # 31] will be overruled as untimely. At the time the report and recommendation was issued in May 2008, federal law required parties to file objections to a magistrate judge's report within ten days. 28 U.S.C. § 636(b)(1). Plaintiff filed her objection 766 days after the report and recommendation was issued—more than two years late. A party that does

not timely object to a report and recommendation waives any further right of appeal. *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).

The motion to vacate or amend the sentence [Dkt. # 14] will be denied because 28 U.S.C. § 2241 requires a claim of actual innocence based on a subsequent change in law, and there has been no such change in this case. *See United States v. Peterman*, 249 F.3d 458, 461–62 (6th Cir. 2001). The statute under which plaintiff was convicted was enacted in 1986 and has not been changed since. *See* Mich. Comp. Laws § 750.157b. Although her argument is difficult to decipher, Petitioner apparently contends that the sentencing regulations were changed subsequent to her sentence. However, the statute provides that a conviction for solicitation of murder is a felony punishable by "imprisonment for life or any term of years." Petitioner's sentence of nine-to-twenty years is within that range.

Accordingly, it is **ORDERED** that Petitioner's objection to the report and recommendation [Dkt. # 13] is **OVERRULED**.

It is further **ORDERED** that Petitioner's motion to reduce or modify her sentence [Dkt. # 14] is **DENIED**.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: July 12, 2010

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 12, 2010.

s/Tracy A. Jacobs
TRACY A. JACOBS